N. R. PARMELEE *v.* TENNESSEE & SEQUATCHIE VALLEY RAILROAD COMPANY.

1. CHANCERY PLEADINGS AND PRACTICE. *Plea of former suit.* The proper proof to support a plea of a former suit pending is a certified copy of the record.

2. SAME. *Mechanic's lien.* To a bill filed to enforce an alleged mechanic's lien for work done, a plea of a former suit pending is insufficient which embodies in it a copy of the former bill showing that it was only for the collection of the debt.

3. SAME. *Same.* A plea may be good as to part of a bill although pleaded to the whole bill, but if the part cannot be separated, the plea should be overruled altogether, in which case the defendant is entitled to answer.

4. SAME. *Same.* A plea of a former suit pending may be filed after a continuance of the cause with leave to the defendant to make defense to the bill and the attachment sued out thereon.

5. SAME. *Same.* An objection to a plea of a former suit pending, that it was not filed in time, cannot be made in this court if not first made in the court below.

FROM CUMBERLAND.

Appeal from the Chancery Court at Crossville. W. M. BRADFORD, Ch.

SNODGRASS & CLARK for complainant.

JOHN R. NEAL and WHEELER & MARSHALL for defendants.

COOPER, J., delivered the opinion of the court.

Bill to enforce an alleged mechanic's lien on the defendant railroad for the erection of trestle work. The defendant put in a plea of former suit pending, the sufficiency of which was sustained, and, upon issue joined, its truth found by the chancellor. From the consequent decree dismissing his bill the complainant appealed. The Referees report that the issue of fact on the plea should have been found for the complainant, and that he is therefore entitled to a decree. The defendant excepts.

The proof in support of the plea of a former suit pending is a certified copy of the record, and as there is no such copy in the transcript we concur with the Referees in the conclusion that the issue of fact should have been found against the truth of the plea. But we differ with the chancellor and Referees in thinking the plea to be sufficient. The present bill is filed to enforce an alleged mechanic's lien for work done. The former bill, which is made an exhibit to the plea, and therefore embodied in it, was only to collect the debt for the work done. The two suits were consequently, as shown on the face of the plea, not for the same object and purpose. The plea was sufficient to so much of the bill as sought merely the recovery of the complainants debt, but not to that part of the bill seeking the enforcement of a mechanic's lien for the security of the debt. At most it could only

be allowed to stand as a defense to the one part, and overruled as to the other. A plea, unlike a general demurrer, may be good as to a part of a bill, although pleaded to the whole bill: *Searight* v. *Payne,* 1 Tenn. Ch., 186; Sto. Eq. Pl., sec. 692. But it would be difficult to separate the demand from the alleged lien. If two bills be found in the same court for the same purpose, the rule is to allow that bill to proceed which embraces the most matter of litigation: *Croft* v. *Wortley,* 1 Ch. Cas., 241; *Rigby* v. *Strangways,* 2 Phill., 175. The same rule should be applied where the two bills have been filed in different courts of the same government, having concurrent jurisdiction: *Moore* v. *Holt,* 3 Tenn. Ch., 141; *Schuehle* v. *Reiman,* 86 N. Y., 273. The present bill embracing an additional matter of litigation, the proper course was to have overruled the plea altogether, either party being at liberty to bring the result of the former litigation, if first tried, before the court by supplemental bill, and the complainant being subject to the control of the court in the matter of costs for unnecessary litigation: *Moore* v. *Holt,* 3 Tenn. Ch., 141. Where a plea is held to be insufficient and overruled, the defendant is of right entitled to answer: Code, sec. 4395.

The defendant's counsel suggests that there being no mechanic's lien for the trestle work erected for the track of a railway, the present suit is substantially for the debt alone, and the plea therefore good. But the complainant has a right to have that question tried upon a proper issue, and no such issue is made in this case by motion to dismiss, demurrer, plea or answer.

Parmelee *v.* Railroad Company.

It is said in the Referees' report that the plea, being in the nature of a plea in abatement, came too late after the continuance shown by the record. If so, there was no issue to try, and the case must be remanded for defense on the merits. The plea, however, although for some purposes treated as a plea in abatement, seems in other respects to be treated as a plea in bar: *Green v. Neal,* 2 Heis., 217, 219. Be this as it may, no objection was made in the court below to the plea that it was not filed in time. And we think no objection could properly have been made. The subpœna to answer was executed on the defendant just five days before the commencement of the term of court to which it was returnable. On the day after the opening of the court, an entry of the record appears showing that the parties appeared, and upon application of the defendant by attorney, "the defendant has until the next term of this court to make defense to said bill of complaint, and the attachment in this cause." The continuance was not general, nor equivalent to a continuance to plead and try at law, but with the express reservation of the right to make defense, plainly meaning any defense to bill or attachment.

The report of the Referees will be set aside, the chancellor's decrees reversed, the plea declared insufficient, and the cause remanded for further proceedings, the defendant being declared entitled to file an answer. The defendant will pay the costs of this court. The costs of the court below to be subject to the orders of the chancellor.